IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN & OUT CONSTRUCTION AND REMODELING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THIRD COAST INSTURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 25-cv-343-GLJ |

### ORDER

This matter is before the Court on Plaintiff's motion to remand. Defendant removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court. For the reasons set forth below, Plaintiff's Motion to Remand to State Court [Docket No. 9] is DENIED.

### Procedural History

Plaintiff is the defendant in a case brought by Timothy and Misty Fox on October 11, 2024 in Oklahoma state court in Pittsburg County, Oklahoma, Case No. CJ-202-242 ("Original Lawsuit"). *See* Docket No. 2, ¶ 2. In the Original Lawsuit, In & Out was sued for water damage plaintiffs suffered to their home due to In & Out's negligence. In the Original Lawsuit, In & Out asserted a third-party claim against Third Coast for breach of contract and breach of the duty of good faith and fair dealing related to a denial of insurance coverage for the claim asserted against In & Out. *See* Docket No. 2, ¶ 3. On

September 4, 2025, the court in the Original Lawsuit granted Third Coast's motion to sever the third-party claim against Third Coast, ordered that the third-party claim was severed into a new lawsuit assigned a new case number, and that In & Out be aligned as "Plaintiff" and Third Coast be aligned as "Defendant."  *See* Docket No. 2, Ex. C.  Subsequently, the severed case was assigned Case No. CJ-2025-288 ("Severed Lawsuit").  *See* Docket No. 2, Ex. A.  On September 25, 2025, Third Coast removed the Severed Lawsuit to this Court based on diversity jurisdiction because Plaintiff's members are both residents of the State of Oklahoma, and it is a foreign insurance company incorporated in and with its principal place of business in the State of Wisconsin.  *Id*.  Plaintiff moves to remand, asserting that this case should be litigated as a third-party action in Pittsburg County District Court and therefore removal was improper.  *See* Docket No. 9.

## Analysis

I.   **Legal Standard**

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

##  II. Remand

Plaintiff's argument that this matter should be remanded hinges on its argument that its claim against Third Coast should not have been severed from the Original Lawsuit and, therefore, Third Coast should still be considered a third-party defendant in this case. While Plaintiff may wish it to be so, that is simply not the factual situation before the Court.

Generally, third-party defendants are unable to remove cases to federal court. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749-50 (2019). However, where a third-party claim was severed and a new action created, that defendant can remove the action to federal court. *See Schwarz Ready Mix, Inc. v. Great American Ins. Co.*, 2011 WL 13156765, at *1 (W.D. Okla. Dec. 16, 2011) (citing *Central of Georgia Ry. Co. v. Riegal Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970) (holding that a third-party

defendant may remove a case to federal court pursuant to 28 U.S.C. § 1441(a) when the state court has severed the third-party demand from the principal demand)). Third Coast is a defendant within the meaning of 28 U.S.C. §§ 1332 and Plaintiff raises no issue as to the complete diversity of it from Third Coast, the amount in controversy exceeding $75,000 or the timing of the removal.

Instead, Plaintiff essentially seeks to mount a collateral attack on the Pittsburg County District Court's decision to sever the third-party claim against Third Coast from the Original Lawsuit. Plaintiff offers no support for such a collateral attack and the Court declines to do so. Similarly, Plaintiff's reliance on *South Central Coal Co., Inc. v. Houston Specialty Ins. Co.*, United States District Court for the Eastern District of Oklahoma, Case No. 16-cv-64, is misplaced. In that case, the defendant, which was a third-party defendant, removed to federal court, claiming jurisdiction was proper because plaintiff settled its claims with the defendants, leaving only claims against the third-party defendant. The court rejected the argument because not only is a third-party defendant not permitted to remove, but the time for removal had lapsed. *Id.*, Docket No. 29. Unlike *South Central Coal*, Third Coast is not a third-party defendant in the removed action by order of the court in the Original Lawsuit and Plaintiff raises no objection as to the timeliness of the removal.

-5-

**Conclusion**

Accordingly, Plaintiff's Motion to Remand to State Court [Docket No. 9] is DENIED.

**DATED** this 8th day of December, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**